1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11
WILLIAM HENRY JACKSON,                    CV F 05- 0450 AWI WMW HC
12
                        Petitioner,         FINDINGS AND RECOMMENDATIONS RE
13                                           MOTION TO DISMISS

14        v.
                                            [Doc. 14]
15
D. G. ADAMS,
16
                        Respondent.
17  _____/

18

19

20
        Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28
21
U.S.C. Section 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28
22
U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Currently pending before the court is Respondent's
23
motion to dismiss, filed June 22, 2006.  Petitioner filed an opposition to that motion on July 10,
24
2006.
25
                            **PROCEDURAL HISTORY**
26
        Petitioner alleges that he was convicted of kidnaping for the purpose of robbery and
27
sentenced to life with the possibility of parole in 1979.  Petitioner has not been granted parole.
28

1  Petitioner applied for relief in Los Angeles Count y Superior Court on August 28, 2002, which the

2  court denied on October 29, 2002.   Petitioner filed another action in Los Angeles Superior Court on

3  November 25, 2003, which the court denied on February 24, 2004.  Petitioner filed a petition for

4  writ of habeas corpus with the California Court of Appeal on November 24, 2003, which the Court

5  of Appeal denied on November 25, 2003.  Petitioner filed a petition with the California Supreme

6  Court on December 22, 2003, which the court denied on February 16, 2005.

7  **LEGAL STANDARD**

8  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

9  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

10  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

11  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

12  (1997).  The instant petition was filed on March 16, 2005, and thus, it is subject to the provisions of

13  the AEDPA.

14  The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

15  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision

16  (d) reads:

17
18
     (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
     corpus by a person in custody pursuant to the judgment of a State court.  The
     limitation period shall run from the latest of –

19
20
     (A) the date on which the judgment became final by the conclusion of direct
     review or the expiration of the time for seeking such review;

21
22
     (B) the date on which the impediment to filing an application created by
     State action in violation of the Constitution or laws of the United States is removed, if
     the applicant was prevented from filing by such State action;

23
24
     (C) the date on which the constitutional right asserted was initially recognized by
     the Supreme Court, if the right has been newly recognized by the Supreme Court and made
     retroactively applicable to cases on collateral review; or

25
     (D) the date on which the factual predicate of the claim or claims presented
     could have been discovered through the exercise of due diligence.

26
27
     (2) The time during which a properly filed application for State post-conviction or
     other collateral review with respect to the pertinent judgment or claim is pending
     shall not be counted toward any period of limitation under this subsection.

28

1     In most cases, the limitation period begins running on the date that the petitioner's direct

2  review became final.  The AEDPA, however, is silent on how the one year limitation period affects

3  cases where direct review concluded *before* the enactment of the AEDPA, such as occurred in this

4  case.  The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the

5  AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the Court should

6  not dismiss the petition pursuant to § 2244(d)(1).  <u>Calderon v. United States Dist. Court (Beeler)</u>,

7  128 F.3d 1283,1286 (9th Cir.), *cert. denied*, 118 S.Ct. 899 (1998);  <u>Calderon v. United States Dist.</u>

8  <u>Court (Kelly)</u>, 127 F.3d 782, 784 (9th Cir.), *cert. denied*, 118 S.Ct. 1395 (1998).   In such

9  circumstances, the limitations period would begin to run on April 25, 1996.  <u>See</u>, <u>Patterson v.</u>

10  <u>Stewart</u>, 251 F.3d 1243, 1245 (9th Cir. 2001).

11                                    **DISCUSSION**

12     Respondent moves to dismiss this petition for writ of habeas corpus on the ground that it is

13  barred by the statute of limitations.  Respondent contends that both of Petitioner's claims challenge

14  his sentencing imposed at the time of his conviction.  Therefore, argues Respondent, the  statute of

15  limitations began running on April 25, 1996, and this petition, filed March 16, 2006, was filed nearly

16  nine years too late.  Petitioner opposes the motion.

17     The court finds that Respondent's contentions lack merit.  Contrary to Respondent's

18  assertion, both of Petitioner's claims are based on events occurring well after Petitioner's conviction

19  and sentencing.  In his first claim, Petitioner claims that his indeterminate sentence has <u>become</u>

20  unconstitutional under the controlling comparative case analysis because he has now served more

21  than 26 years in prison.  In his second claim, Petitioner claims that he is entitled to both  prompt

22  term fixing and a constitutionally proportionate term as well as a separate parole release hearings.

23  As with his first claim, this claim does not challenge the sentencing imposed at the time of his

24  conviction.  Therefore, Respondent is incorrect in claiming that Petitioner was required to have

25  raised his claims within one year from the time the statute of limitations began running.

26     Based on the foregoing, IT IS HEREBY RECOMMENDED that Respondent's motion to

27  dismiss be DENIED and that Respondent be ordered to respond to the petition on the merits.

28

1    These Findings and Recommendation are submitted to the assigned United States District

2    Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the

3    Local Rules of Practice for the United States District Court, Eastern District of California.  Within

4    thirty (30) days after being served with a copy, any party may file written objections with the court

5    and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

6    Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within

7    ten (10) court days (plus three days if served by mail) after service of the objections.  The court will

8    then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

9    advised that failure to file objections within the specified time may waive the right to appeal the

10   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12       IT IS SO ORDERED.

13   **Dated:      February 7, 2007**            **/s/  William M. Wunderlich**
     mmkd34                                     UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28