UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HENRY JACKSON, | CV F 05- 0450 AWI WMW HC |
| Petitioner, | MEMORANDUM OPINION RE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| D. G. ADAMS, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  Respondent opposes the petition.

**PROCEDURAL HISTORY**

On January 25, 1979, Petitioner was convicted in Los Angeles County Superior Court of multiple counts of kidnaping, attempted robbery, forcible rape, and oral copulation.  The trial court sentenced Petitioner to an indeterminate life sentence.

Petitioner challenges his continued retention in prison following hearings before the California Board of Prison Terms finding him unsuitable for parole.  Petitioner sought relief in the California court system, filing petitions for writ of habeas corpus in the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court.  Each of these

courts denied relief to Petitioner. The last reasoned opinion was issued by the Los Angeles County Superior Court on February 24, 2004. However, that court addressed only the issue of whether parole denial was supported by some evidence, and did not address Petitioner's contention here that he was entitled to a fixed term of less than life imprisonment.

**LEGAL STANDARDS**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, Petitioner is incarcerated at the Corcoran Substance Abuse Treatment Center, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will

not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

1  full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v.
2  Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
3  1996).  A federal court will find that the highest state court was given a full and fair opportunity to
4  hear a claim if the petitioner has presented the highest state court with the claim's factual and legal
5  basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v.
6  Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner
7  must have specifically told the state court that he was raising a federal constitutional claim.  Duncan,
8  513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For
9  example, if a petitioner wishes to claim that the trial court violated his due process rights "he must
10 say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A
11 general appeal to a constitutional guarantee is  insufficient to present the "substance" of such a
12 federal claim to a state court.  See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982)
13 (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an
14 argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074
15 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional
16 guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

17        Under the AEDPA, exhaustion can be waived by Respondent. 28 U.S.C. § 2254(b)(C).  The
18 Court can also excuse exhaustion if "(I) there is an absence of available State corrective process; or
19 (ii) circumstances exist that render such a process ineffective to protect the rights of the applicant."
20 28 U.S.C. § 2254(b)(1)(B).  In this case, Respondent has admitted that the claims in this petition
21 were exhausted in the state courts.

**DISCUSSION**

CRUEL AND UNUSUAL PUNISHMENT

24        Petitioner contends that the length of his incarceration is disproportionate to his crime, and
25 therefore unconstitutional under the Eighth Amendment prohibition against cruel and unusual
26 punishment.  Petitioner claims that when his crime is compared to those of similar gravity and
27 magnitude, he has served well beyond a constitutional sentence under the law in effect at the time he
28 was sentenced.

Petitioner also contends that at the time of his commitment offense in 1976, he was entitled to prompt term fixing. He claims that he was and is entitled to a "separate parole release hearing," and states that he has never had the former indeterminate sentencing law applied to his case or at any of his parole hearings.

As Respondent explains, under California law, after being found suitable for parole an inmate has the right to have his primary term fixed promptly at a number of years that is proportionate to his individual culpability and his offense. See In re Rodriguez, 14 Cal.3d 639 (1975). In this case, Petitioner has never had his term fixed. His case is thus governed by In re Bobby Williams, 53 Cal.App.3d 10, 17 (1975), in which the court addressed a similar complaint that an inmate had not received a timely term-fixing hearing, stating:

> In *People v. Wingo*, supra 14 Cal.3d at page 182, the Supreme Court made clear that a prisoner serving an indeterminate term has a right to have his term fixed proportionately to his offense. If within a "reasonable time" (*id*. At p. 182) the Adult Authority omits or declines to fix an inmates's term at less than the maximum, the maximum term will be deemed to be the term fixed for purposes of measuring the proportionality of the term to the circumstances of the offense and the offender. (*People v. Wingo*, supra, at p. 183; see also *In re Rodriguez, supra,* 14 Cal.3d at p. 654, fn. 18.)

Under California law, Petitioner is entitled to have a base term set only after being found suitable for parole. In re Stanworth, 33 Cal.3d 176, 183 (1982) (under both the 1976 and the current rules, a life prisoner must first be found suitable for parole before a parole date is set). Because Petitioner was found unsuitable for parole following his hearings before the California Board of Prison Terms, Petitioner did not have a base term set. Therefore, Petitioner's maximum term is deemed to be life imprisonment.

A criminal sentence that is not proportionate to the crime for which a defendant is convicted may violate the Eighth Amendment. In Lockyer v. Andrade, 123 S. Ct.1166 (2003), the Supreme Court discussed the state of Eighth Amendment proportionality review and held that the only clearly established governing legal principle is that a "gross disproportionality" review applies to criminal sentences for a term of years. Id. at 1173. Citing extensively to its past cases dealing with criminal sentencing and proportionality under the Eighth Amendment, the Court acknowledged that it has "not established a clear and consistent path for courts to follow." Id. The Supreme Court held that

"the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' frame work is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." Id.

In Ewing v. California, 123 S. Ct.1179 (2003), the Supreme Court again reviewed the Supreme Court's Eighth Amendment jurisprudence, and chose to adopt Justice Kennedy's view [1] that:

> [There are] four principles of proportionality review-- the primacy of the legislature; the variety of legitimate penological schemes; the nature of our federal system; and, the requirement that proportionality be guided by objective factors– that inform the final one: The Eighth Amendment does not require strict proportionality between the crime and the sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime.

Ewing, at 1186-1187.

The court must agree with Respondent that Petitioner has not demonstrated that his life sentence is grossly disproportionate to his crimes. Petitioner forcibly abducted and raped and sexually assaulted three women, including a fourteen year old girl. Imposition of consecutive life sentences for kidnaping and use of a deadly weapon has been held not to be disproportionate and not to violate the Eighth Amendment. See Eckert v. Tansy, 936 F.2d 444, 447-50 (9th Cir. 1991). Accordingly, this claim presents no basis for habeas corpus relief.

As set forth above, under Stanworth Petitioner is entitled to have a base term set only after being found suitable for parole. Petitioner was found unsuitable for parole following his hearings before the California Board of Prison Terms. Thus, Petitioner's contention that he was entitled to prompt term fixing or a "separate parole release hearing," is without merit and provides no basis for habeas corpus relief.

//

---

[1] As expressed in his concurring opinion in Harmelin v. Michigan, 501 U.S. 957, 1001 (1991)(citing Solem v. Helm, 463 U.S. 277, 288 (1983).

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) The petition for writ of habeas corpus is DENIED;

2) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.


IT IS SO ORDERED.

**Dated:     September 7, 2008**                           **/s/ Anthony W. Ishii**
                                                            CHIEF UNITED STATES DISTRICT JUDGE